# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-00510-RGK (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | *LAUREEN IANNUCCI v. AUTOZONE, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

Laureen Iannucci ("Plaintiff") filed a complaint against AutoZone, Inc. ("Defendant") alleging state common law and statutory claims based on Defendant's alleged discriminatory and retaliatory conduct in the workplace.

On January 17, 2020, , Defendant removed the action to this Court alleging jurisdiction on the ground of preemption by ERISA. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant argues that Plaintiff alleges she made dozens of complaints to AutoZone personnel, and among those complaints are allegations that Defendant refused to pay medical costs and short-term disability benefits and failed to honor employees' retirement options. Defendant contends that these allegations, which set forth benefits governed by ERISA, invoke ERISA preemption. The Court disagrees. The crux of Plaintiff's complaint is violation of state laws due to discrimination and subsequent retaliation for making complaints to Defendant about numerous wrongful acts. While some of those wrongful acts may involve ERISA covered benefits, Plaintiff's claim seeks relief for the alleged retaliation, not for any failure to pay ERISA benefits. Therefore ERISA preemption does not apply.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00510-RGK (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | *LAUREEN IANNUCCI v. AUTOZONE, INC.* | | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00510-RGK (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | *LAUREEN IANNUCCI v. AUTOZONE, INC.* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer